# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                       **4:04-CR-00147-10-WRW**

**RACHEL JUVERA**

## ORDER

Pending are Defendant's Motion for Release of Personal Property (Doc. No. 631) and Writ of Error *Audita Querela* (Doc. No. 632).

### 1.  Motion for Release of Personal Property

Defendant requests that this Court "release her personal property to her daughter Lorena Juvera." I assume Defendant is referring to property that may have been seized, pursuant to a search warrant, from her house in Chula Vista, California. This Motion is DENIED without prejudice. Defendant should contact her daughter to determine what personal property has not been returned. After acquiring this list, Defendant may refile her motion, specifically listing what personal property has yet to be returned.

### 2.  Writ of Error *Audita Querela*

Defendant filed a Writ of Error *Audita Querela*, which she proclaims "is not a motion pursuant to Title 28 U.S.C. § 2255."[1] Despite its title, Plaintiff's Writ of Error *Audita Querela* primarily addresses points that are appropriately brought under § 2255 (*e.g.*, ineffective assistance, *Booker*, *etc.*).

The writ of *audita querela* was abolished from the Federal Rules of Civil Procedure, but it may "survive only to the extent that [it] fill[s] 'gaps' in the current systems of post-conviction

---

[1] Doc. No. 632.

relief."[2]  However, Courts of Appeal have repeatedly held that "*audita querela* is not available to challenge a conviction or sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to § 2255."[3]  Defendant could have raised these issues under § 2255; the fact that Defendant's § 2255 motion was time-barred does not create a "gap" that would permit a writ of *audita querela.*[4]

      The Eighth Circuit has held that a petitioner may not circumvent § 2255 procedural requirements by bringing successive § 2255 actions under other names.[5]  When a petitioner attempts to circumvent the § 2255 procedural requirements, a court may reclassify the petitioner's motion.  Because all successive § 2255 motions must be certified by the appropriate court of appeals before they are considered by the district courts -- and Petitioner failed to obtain certification --  the motion must be dismissed for lack of jurisdiction.  Accordingly, Defendant's Writ of Error *Audita Querela* (Doc. No. 632) -- which is really a successive § 2255 motion -- is DENIED.

      IT IS SO ORDERED this 30th day of July, 2008.

                                              /s/ Wm. R. Wilson, Jr.
                                              UNITED STATES DISTRICT JUDGE

---

[2] *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079-1080 (9th Cir. 2001).

[3] *Valdez-Pacheco*, 237 F.3d at 1079-1080; see also *In re Rushing-Floyd*, 62 Fed. Appx. 64 (4th Cir. 2003); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir.1993); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir.1982); *United States v. Torres*, 282 F.3d 1241 (10th Cir. 2002); *United States v. Holt*, 417 F.3d 1172 (11th Cir. 2005).

[4] *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) (finding that the statutory limits on successive habeas petitions does not create a "gap" in the post-conviction landscape that can be filled with common law writs); *United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002) (concluding that "a writ of *audita querela* is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255" and that a petitioner cannot avoid the bar against successive § 2255 petitions "by simply styling a petition under a different name") (internal quotations omitted).

[5] See *United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002).